IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITH JUDD,

        Plaintiff,

vs.                                      No.  CV 97-1092 LH/RLP

CORONADO MALL MANAGEMENT,
CORONADO MALL SECURITY,
CHELSEA STREET PUB,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the following pending motions: (1) Defendant Chelsea Street Pub & Grill's Motion for Involuntary Dismissal, filed March 6, 2000 (Doc. No. 78); (2) Defendant STT, Inc.'s Motion To Dismiss For Failure To Comply With Discovery, filed May 4, 2000 (Doc. No. 97), (3) Plaintiff's Motion for Summary Judgment, filed June 12, 2000 (Doc. No. 101); (4) Defendant STT, Inc.'s Motion for Summary Judgment on all Claims in Plaintiff's Complaint, filed June 23, 2000 (Doc. No. 106); (5) Defendant Chelsea Street Pub's Motion to Adopt STT, Inc.'s Motion for Summary Judgment, filed June 25, 2000 (Doc. No. 108); (6) Defendant Chelsea Street Pub's Motion for Partial Summary Judgment as to Claims for Monetary Damages, filed June 28, 2000 (Doc. No. 110); and (7) Plaintiff's Motion To Enforce the June 9, 1999 Settlement Agreement Before Magistrate Judge Richard Puglisi, filed July 3,

2000 (Doc. No. 112).  After carefully reviewing the pleadings, the arguments of the parties, and the applicable case law, the Court determines that the case should be dismissed.

Plaintiff brings his complaint under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  The complaint alleges that Plaintiff suffers from bipolar illness, and that the Defendants have adopted a policy of excluding him from the Coronado Mall in Albuquerque, New Mexico based upon undifferentiated fears associated with his mental illness.  It further alleges that following an incident in September of 1994, during which Plaintiff suffered an attack of his bipolar illness while shopping at the Coronado Mall, Plaintiff was banned from the mall for life.  The complaint also alleges that in July and August 1997 Plaintiff requested and was denied permission to work for a band that was playing at Chelsea Street Pub in the mall.  Plaintiff prays for damages,[1] and for injunctive relief "permitting him to work or otherwise participate at the Coronado Mall."

Heitman Properties of New Mexico, Ltd. ("Heitman") filed an answer on behalf of the Defendant identified incorrectly in the complaint as "Coronado Mall Management."  STT, Inc., the corporate name for the entity identified incorrectly in the complaint as "Coronado Security," filed a motion to dismiss which was granted in part and denied in part by the Court's Memorandum Opinion and Order dated June 23, 1998.  Plaintiff's

---

[1] As discussed in the Court's Memorandum Opinion filed June 23, 1998, Plaintiff's sole potentially viable ADA claim is under Title III.  If Plaintiff were to prevail on his Title III claim, he would only be entitled to prospective injunctive relief, not to monetary damages.

ADA Title I claim was dismissed for failure to exhaust administrative remedies, and the Court determined that only the Title III claim was viable. Under the Title III claim, the Court held that Plaintiff would not be entitled to recover any damages, only prospective injunctive relief. In the same Memorandum Opinion and Order, the Court granted Plaintiff's motion to amend his complaint to add Chelsea Street Pub as a Defendant. Plaintiff filed his amended complaint on July 17, 1998, and Defendant STT filed its answer on August 13, 1998. Chelsea was served much later, and it filed its Answer on March 26, 1999.

*Settlement Agreement.* There is no evidence that there ever was an enforceable settlement agreement, either oral or written. At a scheduling conference held by Magistrate Judge Puglisi in June 1999, a conditional settlement was worked out. The condition was that the defense attorneys would attempt to secure approval from their clients, who were not present. At least one client did not agree to the terms of the settlement, and so the settlement did not occur. Plaintiff now seeks to enforce the proposed agreement, even though it was never finalized, either orally or in writing. He argues that the Defendants are bound by the agreement made by their attorneys at the scheduling conference. It is obvious that the attorneys did not make a binding agreement, but rather a conditional one. *See* Def. Exs. A and B. Therefore, Plaintiff's Motion To Enforce the Settlement Agreement will be denied.

*Monetary Damages.* In his amended complaint, Plaintiff alleges a Title I ADA claim against Defendant Chelsea Street Pub, purportedly entitling him to an award of

damages. For the same reasons as discussed in the Court's Memorandum Opinion of June 23, 1998, Plaintiff cannot maintain a Title I claim against Defendant Chelsea. Additionally, Plaintiff testified in his deposition that he was not seeking damages against Defendant Chelsea, and in a recent pleading he reiterated that he "does not seek monetary damages against Chelsea Street Pub." Doc. No. 128 at 1. Therefore, Defendant Chelsea's Motion For Partial Summary Judgment as to Claims for Monetary Damages is well-taken and will be granted.

*Defense Motions To Dismiss and For Summary Judgment - Mootness.* One of Plaintiff's hallmarks in this litigation has been to file numerous frivolous appeals beginning in November 1998 and continuing until and including November 2000. The latest appeal was dismissed by the Tenth Circuit Court of Appeals on January 23, 2001. Plaintiff is proceeding *pro se*, and he has been incarcerated during much of the time this action has been pending. The Court has been very tolerant of Mr. Judd in some of his legal tactics and antics. Aside from the filing of frivolous appeals, the most persistent problems have been Plaintiff's failure to comply with the rules requiring him to keep the Court and opposing counsel advised of his whereabouts during the many changes in his place of incarceration, and requiring him to send copies of his pleadings to all counsel in the case. These omissions have wreaked havoc with Defendants, and with the Court's ability to deal with this case expeditiously.

The Court would be inclined to dismiss this case because of Plaintiff's frequent and continuing violations of the Federal Rules of Civil Procedure and of the local rules of

this Court. However, another matter has arisen during the course of this protracted litigation that causes the Court to hold that there is no longer a justiciable case or controversy. The Court takes judicial notice that Mr. Judd is now serving a 210-month sentence in the federal criminal justice system under United States v. Keith Judd, case number 7-98-CR-093, U.S. Dist. Ct., W.D. Tex. The sentence was imposed on September 27, 1999. If his conviction and sentence are upheld, Mr. Judd will not be eligible for release until June 24, 2013 at the earliest. This date takes into consideration the possibility of Mr. Judd earning the maximum number of "good-time" days. *See* Def. Ex. F. Although he has not exhausted all his appeals and *habeas corpus* petitions, the sentence is a final judgment, and it effectively prevents Plaintiff from entering Coronado Mall for over 12 years. Thus, even if he were to prevail on his ADA claim, Plaintiff could not, in the foreseeable future, enjoy the benefit of the prospective injunctive relief that the Court might order, i.e., allowing him access to the mall. Unlike a money judgment, an injunction would not have any practical effect on Plaintiff's situation for over 12 years. This is too remote to present a live controversy. Conditions will certainly change in the interim, both on Plaintiff's part and on the part of Coronado Mall. The Court will not speculate on possible conditions more than 12 years hence.

Just as claims for injunctive and declaratory relief in connection with a prisoner's incarceration are moot after the prisoner's release from prison,[2] so too is Judd's claim for

---

[2] *See, e.g.,* McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999) (*en banc*) (inmate's claim seeking prospective injunctive relief regarding conditions of confinement mooted by release on parole or supervised relief, possiblity of rearrest does not affect mootness); Aragon v. Shanks, 114 F.3d 690, 691 (10th Cir. 1998)

injunctive relief moot in connection with conditions that might affect him upon his release from such a lengthy period of incarceration.

Plaintiff attempts to show that his release from prison is imminent. He asserts that his sentence "does not accurately reflect the legal situation of plaintiff with regard to his illegal detention at this time." Pl. Resp. at 3. He goes on to detail numerous pending appeals and *habeas* petitions that "have not been decided, or remanded." Id. He also argues that the indictment on which his conviction rests is faulty for various reasons and should be dismissed, and that he is innocent of the crime for which he was convicted. Additionally, he argues that he is immune from prosecution "because he is the constitutionally legal President of the U.S.A." Id. at 4. Finally, he argues that even if he was legally convicted, the most time he could receive under the federal sentencing guidelines is 10 months.

None of these arguments persuades the Court that this case presents a live controversy. Accordingly, the Court will dismiss the case on grounds of mootness. The mootness issue was argued in Defendant STT's brief in support of its motion for summary judgment. Accordingly, that motion will be granted in part. Dismissal of the case renders the remaining motions moot.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion To Enforce Settlement

---

(*habeas corpus* petition moot when prisoner released from incarceration); Hallett v. New York State Dep't of Correctional Servs., 109 F. Supp. 2d 190 (S.D. N.Y. 2000) (inmate's requests for injunctive relief against various prison officials under ADA rendered moot by release from incarceration).

Agreement (Doc. No. 112) is hereby DENIED;

IT IS FURTHER ORDERED that Defendant Chelsea Street Pub's Motion for Partial Summary Judgment as to Claims for Monetary Damages (Doc. No. 110) is hereby GRANTED;

IT IS FURTHER ORDERED that Defendant STT, Inc.'s Motion for Summary Judgment (Doc. No. 106) is hereby GRANTED IN PART on grounds of mootness.

A separate Order of Dismissal will be entered contemporaneously herewith. The remaining pending motions are rendered moot by dismissal of this case.

_____
UNITED STATES DISTRICT JUDGE

For Plaintiff:  Keith Judd, Fort Dix, N.J., *pro se*

Counsel for Defendant Heitman Properties of New Mexico, Ltd. ("Coronado Mall Management"):  Richard M. Leverick, LEVERICK & MUSSELMAN, Albuquerque, N.M.; Larry D. Beall and Gregory L. Biehler, BEALL & BIEHLER, Albuquerque, N.M.; Jennifer Obrey-Espinoza, Albuquerque, N.M.

Counsel for Defendant STT, Inc. ("Coronado Mall Security"):  Larry D. Beall, Zachary S. Rigdon, and Gregory L. Biehler, BEALL & BIEHLER, Albuquerque, N.M.; Jennifer Obrey-Espinoza, Albuquerque, N.M.

Counsel for Chelsea Street Pub:  Donald G. Bruckner, Jr. and Terry R. Guebert, GUEBERT & YEOMANS, Albuquerque, N.M.; Gregory L. Biehler, BEALL & BIEHLER, Albuquerque, N.M.